UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| VARLONUS JAMES, | CASE NO. 5: 23 CV 335 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| | **MEMORANDUM OPINION AND ORDER** |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, et al., | |
| Respondent. | |

Varlunus James ("Petitioner"), an Ohio prisoner, filed this *pro se* action seeking a "Writ of Mandamus Pursuant to 28 U.S.C. § 2254 or § 2241." (Doc. No. 1.)

His pleadings (Doc. Nos. 1, 2) are incomprehensible. They do not set forth comprehensible allegations or legal claims or comply with the format and content requirements of Rules 2(c) and (d) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 in the United States Federal Courts (applicable under Rule 1(b) to § 2241 petitions). Further, it appears Petitioner is attempting to bring the same petition already dismissed by Judge Carr in a prior case. *See James v. State of Ohio*, 5: 19-cv-2156 (N.D. Ohio July 7, 2020).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure

allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). And under Rule 4 of the Rules Governing Habeas Corpus Cases, a district court may enter an order dismissing a petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Court finds this action warrants *sua sponte* dismissal pursuant to *Apple v. Glenn* and Rule 4 of the Rules Governing Habeas Corpus Cases. Petitioner's pleadings are so incomprehensible and unsubstantial that they do not provide a basis to establish this Court's subject-matter jurisdiction over any claim in the case.

Accordingly, it is hereby ordered that this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2023